IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

STILLWATER MINING COMPANY,

    Plaintiff,

v.

POWER MOUNT INCORPORATED,

    Defendant.

## COMPLAINT

Plaintiff Stillwater Mining Company ("Stillwater") through its counsel, Davis Graham & Stubbs LLP, for its Complaint states as follows:

### I. NATURE OF ACTION

1. This is an action to recover a liquidated debt in the amount of $28,542,201, which Power Mount Incorporated ("Power Mount") failed to repay Stillwater under the Agreement (defined below) between Power Mount and Stillwater.

### II. PARTIES, JURISDICTION, AND VENUE

2. Stillwater incorporates by reference each of the above allegations.

3. Stillwater is a Delaware corporation with its principal place of business in Montana.

4. Power Mount is a Kentucky corporation with its principal place of business in Kentucky.

5. As addressed in more depth below, Stillwater and Power Mount (collectively "the parties") have entered into the Agreement defining their business relationship. The parties specifically agreed, among other things, that the proper jurisdiction and venue for all disputes between them is in this Court. Specifically, the parties have agreed as follows:

> ANY CONTROVERSY OR CLAIM BETWEEN THE PARTIES ARISING OUT OF OR RELATING TO THIS AGREEMENT OR ANY AGREEMENTS OR INSTRUMENTS RELATING HERETO OR DELIVERED IN CONNECTION HEREWITH SHALL BE TRIED TO A COURT AND NOT A JURY. EACH PARTY WAIVES ITS RIGHTS TO A JURY. THE PARTIES STIPULATE THAT ALL LITIGATION UNDER THIS AGREEMENT WILL BE BROUGHT IN THE FEDERAL DISTRICT COURT LOCATED IN THE CITY AND COUNTY OF DENVER, COLORADO, AND EACH OF THE PARTIES HEREBY SUBMITS TO THE PERSONAL JURISDICTION OF SUCH COURT.

(emphasis in original).

6. Jurisdiction is proper under 28 U.S.C. § 1332 as, among other things, there is complete diversity between the parties and the amount in controversy is greater than $28 million, not including interest and costs.

*7.* Venue is proper as, among other things, the parties specifically agreed to this venue.

### III.   GENERAL ALLEGATIONS

8. Stillwater incorporates by reference each of the above allegations.

9. Pursuant to an agreement titled "Secondary Materials Processing Agreement," originally dated September 15, 2003 (as amended and restated from time to time, the "Agreement"), the parties entered into an arrangement wherein Power Mount would source and purchase spent catalyst materials from automotive catalytic converters (the "Materials") and then supply the Materials to Stillwater.

10. Stillwater would then recycle the Materials through its smelting and refining facilities in order to recover platinum, palladium, and rhodium ("Platinum Group Metals" or "PGMs").

11. As part of the Agreement, during the pertinent time period, Stillwater would provide financing to Power Mount, which is the subject of this suit.

12. Specifically, Power Mount would submit forms setting forth the metal it had sourced and intended to purchase and deliver within a certain number of days to Stillwater. Once Stillwater received the forms, it would prepay a fixed percentage (based upon a contractual formula) to Power Mount, and Power Mount would then perform the services, after which (normally) Stillwater would make additional payments per the Agreement to Power Mount.

13. If Power Mount failed to fully perform the services, however, Power Mount was required to repay the prepayment.

14. In late 2008, the prices of platinum, palladium, and rhodium significantly decreased.

15. During the pertinent time period, Power Mount continued to submit forms to Stillwater, and Stillwater continued to prepay Power Mount. However, Power Mount failed to provide certain services and Materials.

16. The amount Stillwater prepaid Power Mount for services and Materials that Power Mount failed to provide was $28,542,201.

17. Stillwater provided notice to Power Mount with regards to this issue, and Power Mount subsequently acknowledged owing the debt and the precise amount of the debt, agreeing on February 19, 2009, that it owed Stillwater $28,542,201. Thus, Power Mount owed Stillwater a liquidated debt of $28,542,201.

18. Power Mount has not paid this outstanding debt.

## IV.   FIRST CLAIM FOR RELIEF
### (Breach of Contract for Failure to Pay an Amount Owed and Certain)

19. Stillwater incorporates by reference each of the above allegations.

20. The Agreement was a valid contract.

21. Stillwater fully performed under the terms of the Agreement.

22. Under the Agreement, Power Mount owed Stillwater the amount of $28,542,201.

23. Power Mount failed to pay this amount, damaging Stillwater in the amount of $28,542,201.

24. Power Mount acknowledged that $28,542,201 remains due and owing under the Agreement.

## V.   PRAYER FOR RELIEF

WHEREFORE, Stillwater respectfully requests that the Court enter judgment in its favor, and grant it:

1. Damages in the amount owed of $28,542,201;

2. Prejudgment and post-judgment interest;

3. Costs, expenses, and fees, as permitted; and

4. Such other relief as the Court deems just and proper.

Dated: September 5, 2014

      *s/ Jordan Lipp*
Jordan Lipp
Daniel P. Spivey
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
Telephone:  303-892-9400
Facsimile: 303-893-1379
Email: Jordan.Lipp@dgslaw.com
      Daniel.Spivey@dgslaw.com

*Attorneys for Plaintiff STILLWATER MINING COMPANY*

Plaintiff's Address:
Stillwater Mining Company
1321 Discovery Dr.
Billings, MT 59102