**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv 02475-WYD-CBS

STILLWATER MINING COMPANY,

    Plaintiff,

v.

POWER MOUNT INCORPORATED,

    Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of private proprietary information, trade secrets, and/or other confidential research, development, or commercial information, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates private proprietary information, trade secrets, and/or other confidential research, development or commercial information. CONFIDENTIAL information

shall not be disclosed or used for any purpose except the preparation and trial of this case. Prior to designating any information as "CONFIDENTIAL," the designating party's attorney shall review the information and shall only so designate if he or she has a good faith belief that it is confidential or otherwise entitled to protection.

4. Information designated as "ATTORNEYS' EYES ONLY" shall be information that is confidential and implicates private proprietary information, trade secrets, and/or other confidential research, development or commercial information that if disclosed to a party itself as opposed to its attorneys, could cause substantial economic harm to the competitive position to the designating party. ATTORNEYS' EYES ONLY information shall not be disclosed or used for any purpose except the preparation and trial of this case, and may not be disclosed to the parties themselves unless otherwise ordered by the Court. Prior to designating any information as "ATTORNEYS' EYES ONLY," the designating party's attorney shall review the information and shall only so designate if he or she has a good faith belief that it is confidential or otherwise entitled to protection as described in this paragraph.

5. Production or other disclosure of documents subject to work-product immunity, the attorney-client privilege, or other legal privilege that protects information from discovery shall not constitute a waiver of the immunity, privilege, or other protection, provided that the producing party notifies the receiving party in writing when it becomes aware of such inadvertent production. Copies of such inadvertently produced privileged and/or protected document(s) shall be returned to the producing party or destroyed immediately upon notice of privilege and any information regarding the content of the document(s) shall be deleted from any litigation support or other database and is forbidden from disclosure and forbidden from use in this action or for any other reason at all. The parties shall have the benefit of all limitations on

waiver afforded by Federal Rules of Evidence 502. Any inadvertent disclosure of privileged information shall not operate as a waiver in any other federal or state proceeding, and the parties' agreement regarding the effect of inadvertent disclosure of privileged information shall be binding on non-parties.

      6.     CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the written consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the parties;

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e) the Court and its employees ("Court Personnel");

    (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g) persons whose depositions are taken for use in this case; and

    (h) other persons by written agreement of the parties.

      7.     ATTORNEYS' EYES ONLY documents, materials, and/or information (collectively "ATTORNEYS' EYES ONLY information") shall not, without the written consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the Court and its employees ("Court Personnel");

(d) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(e) witnesses who are employees or former employees of the party that produced the ATTORNEYS' EYES ONLY information who are being deposed or cross examined at trial; and

(f) other persons by written agreement of the parties.

8. Prior to disclosing any CONFIDENTIAL information (or ATTORNEYS' EYES ONLY information) to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions and the continued jurisdiction of the Court to enforce this Protective Order. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

9. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the term "CONFIDENTIAL." If files are produced in their native formats, the producing party can also designate such documents as CONFIDENTIAL by either putting CONFIDENTIAL in the name of the native file or by designating such documents as "CONFIDENTIAL" in correspondence from counsel of the party producing the documents.

10. Documents are designated as ATTORNEYS' EYES ONLY by placing or affixing on them (in a manner that will not interfere with their legibility) the term "ATTORNEYS' EYES ONLY." If files are produced in their native formats, the producing party can also designate such documents as ATTORNEYS' EYES ONLY by either putting ATTORNEYS' EYES ONLY

in the name of the native file or by designating such documents as "ATTORNEYS' EYES ONLY" in correspondence from counsel of the party producing the documents.

11. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

12. If a deposition may involve the disclosure of ATTORNEYS' EYES ONLY information to a witness who is not an employee or former employee of the producing party, if the parties cannot reach a mutual written agreement, the disclosure of such information at the deposition shall be determined by the presiding Judge, and at a minimum afforded as much protection as the disclosure of CONFIDENTIAL information in such circumstances.

13. The inadvertent or mistaken disclosure of CONFIDENTIAL information or ATTORNEYS' EYES ONLY information does not waive any party's or nonparty's claim of confidentiality. Any party or nonparty who inadvertently or mistakenly produces CONFIDENTIAL information or ATTORNEYS' EYES ONLY information without an appropriate designation of confidentiality shall promptly notify the party or parties receiving the CONFIDENTIAL information or ATTORNEYS' EYES ONLY information when inadvertent production is discovered. Upon receiving written notice that material has been inadvertently or mistakenly produced without an appropriate designation of confidentiality, the party or parties receiving the CONFIDENTIAL information or ATTORNEYS' EYES ONLY information will

immediately begin treating the material as CONFIDENTIAL information or ATTORNEYS' EYES ONLY information under this Order and either mark the material per the producing or disclosing party's instructions or return the CONFIDENTIAL information or ATTORNEYS' EYES ONLY information to the producing or disclosing party for marking.

14. A party may object to the designation of particular CONFIDENTIAL information or ATTORNEYS' EYES ONLY information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within twenty-one (21) days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or ATTORNEYS' EYES ONLY and shall not thereafter be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

15. A party's right to use any CONFIDENTIAL information or ATTORNEYS' EYES ONLY information at a hearing, trial, or other proceeding in this action shall be determined by the presiding Judge. The designation of material as CONFIDENTIAL

- 7 -

information or ATTORNEYS' EYES ONLY information shall not otherwise affect the Court's determination as to whether it shall be received into evidence; nor shall such designation constitute the authentication of such material or a waiver of any right to challenge the relevance, confidentiality, or admissibility of such material.

16. Any person subject to this Order who receives a request or subpoena for production or disclosure of CONFIDENTIAL information or ATTORNEYS' EYES ONLY information shall, within three (3) business days of receipt of the request or subpoena, give written notice to the party or non-party who originally produced or disclosed the CONFIDENTIAL information or ATTORNEYS' EYES ONLY information, identifying the information sought and enclosing a copy of the subpoena or request. The person subject to the subpoena or other request shall not produce or disclose the requested CONFIDENTIAL information or ATTORNEYS' EYES ONLY information without consent of the producing or designating party or nonparty until ordered to do so by a court of competent jurisdiction. Nothing in the Order shall be construed as prohibiting production of CONFIDENTIAL information or ATTORNEYS' EYES ONLY information covered by this Order in response to a lawful Court order.

17. The party receiving the CONFIDENTIAL information or ATTORNEYS' EYES ONLY information may only submit such CONFIDENTIAL information or ATTORNEYS' EYES ONLY information and all briefs, memoranda, affidavits, transcripts, exhibits, and other papers containing notes or summaries of CONFIDENTIAL information or ATTORNEYS' EYES ONLY information to the Court under restriction in accordance with D.C.COLO.LCivR 7.2.

18. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be returned to the party that designated it CONFIDENTIAL or ATTORNEYS' EYES ONLY information within forty-five (45) days of conclusion of this action and any post trial filings and appeals arising from the same, or the parties may elect to destroy CONFIDENTIAL or ATTORNEYS' EYES ONLY documents; provided, however, that counsel for each party may retain one copy of the CONFIDENTIAL or ATTORNEYS' EYES ONLY documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents. Where the parties agree to destroy CONFIDENTIAL or ATTORNEYS' EYES ONLY documents, the destroying party shall provide all parties with an affidavit confirming the destruction within forty-five (45) days after conclusion of the action.

19. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 21st day of January, 2015

SO ORDERED:

~~U.S. DISTRICT COURT JUDGE~~
Craig B. Shaffer
United States Magistrate Judge

Submitted and approved as to form and content this 16th day of January, 2015.

| | |
|---|---|
| Davis Graham & Stubbs, LLP | Wheeler Trigg O'Donnell, LLP |
| *s/ Jordan Lipp* | *s/ Matthew E. Johnson* |
| Jordan Lipp | Matthew E. Johnson |
| Daniel Spivey | Habib Nasrullah |
| 1550 17th Street, Suite 500 | Cara E. Dearman |
| Denver, CO 80202 | 370 17th Street, Suite 4500 |
| | Denver, CO 80202 |
| *Attorneys Stillwater Mining Company* | *Attorneys for Power Mount Incorporated* |