IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02475-WYD-CBS

STILLWATER MINING COMPANY,

    Plaintiff,

v.

POWER MOUNT INCORPORATED,

    Defendant.

_____

**ORDER**
_____

I.    <u>INTRODUCTION AND BACKGROUND</u>

THIS MATTER is before the Court on Defendant, Power Mount Incorporated's Motion to Dismiss the Complaint (ECF No. 12), filed October 22, 2014. Plaintiff, Stillwater Mining Company filed a Response (ECF No. 16) on November 24, 2014 and the Defendant filed a Reply (ECF No. 22) on December 15, 2014.

By way of background, this case involves a contract dispute over the repayment of prepaid, undelivered services and materials. The parties originally entered into an agreement in 2003, which was subsequently altered in 2005, 2012, and 2013. Under the agreement, the Defendant would source and purchase spent catalyst materials from automobile catalytic converters ("Materials") and supply them to the Plaintiff. The Plaintiff would then recycle the Materials through its smelting and refining facilities in order to recover platinum, palladium, and rhodium. In order to initiate this process, the Defendant would submit forms setting forth the metal it had sourced and intended to purchase and deliver within a certain amount of days to the Plaintiff. Once the Plaintiff

received the forms, it would prepay a fixed percentage to the Defendant, after which the Plaintiff would make additional payments per the agreement's terms.  In the event that the Defendant failed to perform, it was required to repay the Plaintiff's prepayment.  In 2008, the Plaintiff prepaid the Defendant $28,542,201 to source and deliver Materials.  However, the Defendant failed to provide the services and Materials for which the Plaintiff prepaid and the Plaintiff now seeks to recover its prepayment.

In the instant motion, the Defendant asserts that dismissal is proper based on the concept of novation and the expiration of the three-year statute of limitations.  After carefully reviewing the applicable pleadings, the Defendant's motion to dismiss is denied as set forth below.

II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The Court's inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"  *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).  In reviewing a motion under Rule 12(b)(6), the Court "must accept all . . . well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff."  *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996).  A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* at 678

(quoting *Twombly*, 550 U.S. at 555, 557).   Furthermore, conclusory allegations are "not entitled to the assumption of truth."   *Id.* at 679.

III.   DISCUSSION

In its motion, the Defendant asserts that the Plaintiff's complaint should be dismissed based on the concept of novation and the expiration of the three-year statute of limitations.   These arguments are addressed in turn below.

A.   Novation

"The extinguishment of an old contract by the substitution of a new contract or obligation is an original promise known as a novation."   *Haan v. Traylor*, 79 P.3d 114, 116 (Colo. App. 2003).   "In order to find a novation, there must be 1) an existing and valid contract; 2) an agreement to the new contract by all the parties; 3) a new valid contract; and 4) an extinguishment of the old contract by the new one."   *Prod. Credit Ass'n of S. New Mexico v. Alamo Ranch Co.*, 989 F.2d 413, 418 (10th Cir. 1993).   "The intention to accomplish a novation need not be expressed in the agreement, but may be inferred from the facts, circumstances, and conduct of the parties."   *Haan*, 79 P.3d at 116.   "Whether there has been a novation is ordinarily a question of fact, and proof of a novation may be established by evidence of an express understanding to this effect or by circumstances showing such assent."   *Id.*   "A mere modification will not suffice; anything remaining of the original obligation prevents a novation."   *Moffat Cnty. State Bank v. Told*, 800 P.2d 1320, 1323 (Colo. 1990).   "An essential element of novation is that there must be a release of all claims of liability against the original debtor on the old obligation."   *Id.*

Here, whether the fourth element of the novation analysis has been satisfied is in dispute. As to the first three elements, there is an existing and valid contract, the parties have agreed to the new contract, and the new contract is valid. Thus, I find that the first three elements of the novation analysis have been satisfied. In considering the fourth element, the Defendant contends that the new agreement extinguishes the old one, as evidenced by a merger clause in the parties' 2013 agreement. Specifically, paragraph 19.1 of the agreement provides: "Entire Agreement. This Agreement represents the complete agreement between the Parties hereto and supersedes all prior or contemporaneous oral or written agreements between Power Mount and Stillwater to the extent they relate in any way to the subject matter hereof." ECF No. 12-2, p. 14. For this reason, the Defendant asserts that the 2013 agreement is a novation that extinguished the alleged obligation.

In response, the Plaintiff argues that the merger clause does not extinguish the debt or release the Defendant from liability on the debt. The Plaintiff explains that the effect of the merger clause is prospective. For example, the Plaintiff notes that the merger clause clarifies that when the Defendant sourced and supplied new materials under the new agreement, the Defendant would receive payment in accordance with the new agreement as opposed to under the prior agreements.

Based on the foregoing, I find that the entirety of the allegations, construing them in the light most favorable to the Plaintiff, are sufficient to show that the Plaintiff has asserted a plausible inference that the Defendant breached the contract by failing to reimburse $28,542,201 to the Plaintiff. I note that a review of the 2013 agreement

reveals that it was entered into by the parties based on their desire to amend and restate the terms of the previous agreement dated November 1, 2012. I also note that the language of the new agreement is such that the parties "will" and "shall" carry out their obligations as opposed to what had been accomplished previously.

### B.   Statute of Limitations

Having determined that the Plaintiff has alleged facts sufficient to lead to the plausible inference that the Defendant remains liable for the debt, I now turn to whether dismissal is warranted under the statute of limitations. As to this issue, the parties dispute whether the alleged debt is liquidated and/or determinable, and thus whether the three-year or six-year statute of limitations applies.

All contract actions, except as otherwise provided in section 13-80-103.5, are subject to the three-year statute of limitations. Colo. Rev. Stat. § 13-80-101. However, if recovery of a liquidated debt or a determinable amount of money is sought, the action must be commenced within six years after the cause of action accrues. Colo. Rev. Stat. § 13-80-103.5(1)(a). "[A]n amount is either liquidated or determinable for purposes of § 13-80-103.5(1)(a) if an agreement sets forth a method for determining the amount due, regardless of the need to refer to facts external to the agreement." *Interbank Investments, L.L.C. v. Vail Valley Consol. Water Dist.*, 12 P.3d 1224, 1230 (Colo. App. 2000) (citing *Rotenberg v. Richards*, 899 P.2d 365 (Colo.App.1995)). For example, "an amount owed under a building contract was held to be 'determinable' where the amount was a specified percentage of the estimated cost of construction, despite the parties' dispute over the estimated cost." *Interbank Investments, L.L.C.*, 12 P.3d at 1230 (citing

*Comfort Homes, Inc. v. Peterson,* 37 Colo.App. 516, 549 P.2d 1087 (1976)).  Moreover, "[a] debt is liquidated if the amount due is capable of ascertainment by reference to an agreement or by simple computation."  *Portercare Adventist Health Sys. v. Lego*, 286 P.3d 525, 528 (Colo.2012) (internal quotation marks omitted).  "A debt may be liquidated even if extrinsic evidence is necessary to compute its exact amount."  *Id.*

In its motion to dismiss, the Defendant argues that the alleged debt is not liquidated or determinable and that the three-year statute of limitations applies.  The Defendant argues that the amount of services and Materials that it allegedly failed to provide is not capable of determination by either reference to an agreement or simple computation.  The Defendant explains that in order for it to provide $28,542,201 worth of Materials, it would first have to source and buy an unknown number of automotive catalytic converters, break them down to their catalyst materials, and send them to the Plaintiff.  The Defendant further explains that the Plaintiff would then have to smelt them and determine after a lab assay how much rare earth metal was present and the amount the metal was valued at on the open market on that particular day.  As a result of this complex process, the Defendant concludes that the six-year statute of limitations does not apply.  Thus, the Defendant contends that the three-year statute of limitations, which was triggered by the alleged breach in 2008, expired in 2011.

In response, the Plaintiff contends that the debt is liquidated and/or determinable, and that the six-year statute of limitations applies.  I agree.  After all, an amount is liquidated or determinable under section 13-80-103.5(1)(a) if, as here, an agreement identifies the way in which amounts due are determined.  *See Interbank Investments,*

- 6 -

*L.L.C.*, 12 P.3d at 1230.   In this case, the agreement sets forth the method for

determining the amounts due for prepayment and final payment.   Specifically, sections

9.1 and 9.2 of the 2013 agreement provide:

> **9.1 Prepayment.** Within one (1) Business Day following receipt of Shipping Documentation from Power Mount and provided a Purchase Price has been set, Stillwater may, at its option, forward Prepayment if it has been requested by Power Mount for such Lot via wire transfer to Power Mount. The "Prepayment" to Power Mount for such Offered Ounces shall equal (A) the product of (i) the Prepayment Percentage and (ii) the sum of the Offered Metal Values for each Metal less (B) the Prepayment Finance Charge.[1]
>
> **9.2 Calculation of Final Payment.** Within two (2) Business Days following notice to Power Mount of the Final Lot Value for a Lot of Secondary Materials, Stillwater will forward the Final Payment via wire transfer to Power Mount.   The "Final Payment" shall be calculated as follows:
>
> > (a) the sum of the Final Lot Values for each Metal in such Lot; less
> > (b) the Prepayment; less
> > (c) the Prepayment Finance Charge; less
> > (d) the Final Payment Finance Charge; less
> > (e) the Final Treatment Charge; less
> > (f) any Section 5.0 lot charges.
>
> Attached as Appendix B is a sample calculation of a Final Payment and Final Payment Finance Charge.   If the calculation of the Final Payment pursuant to this Section 9.2 results in a negative number such that Stillwater has overpaid for a given Lot, such amount will be deducted from future amounts owed to Power Mount, and, if payments owed to Power Mount

---

[1]  "**Offered Metal Value** means, with respect to each Metal, the product of the (i) Offered Ounces, (ii) the Return Percentage, and (iii) the Purchase Price."   ECF No. 12-2, p.3.

"**Prepayment Percentage** means the percentage of the Offered Metal Values used to determine the amount, if any, of the Prepayment from Stillwater to Power Mount, which is set forth on Schedule 1 hereto."   ECF No. 12-2, p.3.   Schedule 1 indicates that the prepayment percentage was 87.5%.   ECF No. 12-2, p. 21.

"**Prepayment Finance Charge** means the interest assessed by Stillwater on the amount of the Prepayment and calculated as the product of (i) the amount of the Prepayment prior to deducting the Prepayment Finance Charge; (ii) Stillwater's Cost of Borrowing; and (iii) the number of days from the date of the Prepayment until the estimated Value Date divided by 360."   ECF No. 12-2, p.3.

>within three (3) months after such overpayment are insufficient to repay Stillwater the amount of such overpayment, Power Mount shall promptly (with two (2) Business Days) pay Stillwater all amounts remaining due.

ECF No. 12-2, p. 8.

Thus, having determined that the parties' agreement sets forth a method for determining the amounts due, I find that the six-year statute of limitations applies. Therefore, the expiration of the three-year statute of limitations does not warrant dismissal of this case.

IV. <u>CONCLUSION</u>

Based on the foregoing, it is

ORDERED that Defendant Power Mount Incorporated's Motion to Dismiss the Complaint (ECF No. 12) is **DENIED**.

Dated:   September 2, 2015.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE